## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT L. HAHN,** | ) | **CASE NO. 5:08-CV-1204** |
| | ) | |
| | ) | **State Court Case No. CV-2008-04-3182** |
| **Plaintiff,** | ) | |
| | ) | **JUDGE:** |
| **vs.** | ) | |
| | ) | |
| **DANIEL J. RAUCH, et al.  ,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | **PLAINTIFF'S MOTION TO REMAND** |

Plaintiff, by and through his counsel, respectfully request that this action be remanded to the Court of Common Pleas, Summit County, due to lack of subject matter jurisdiction by this Honorable Court in this case.   The Plaintiff has not alleged a federal question, nor is their diversity jurisdiction in the instant matter.  Plaintiff  alleges three counts of action based on the torts of slander, libel, and tortuous interference with a business relationship, and does not allege any violations central to the rights and procedures provided under the collective bargaining agreement.

1

Thus, Plaintiff respectfully requests that this Court issue a remand order for the reasons more fully discussed in the brief which is attached and incorporated herein.

Respectfully submitted,

**GRUBB AND ASSOCIATES, LPA**

Natalie F. Grubb (0062596)
John S. Lobur (0074410)
Chad A. Fine (0080303)
Grubb and Associates, LPA
437 W. Lafayette Road, Suite 260-A
Medina, Ohio 44256
Ph: (330) 725-7252/Fax: (330) 723-1095
E-mail: officemgr@silsin.com
*Attorney for Plaintiff Robert L. Hahn*

## CERTIFICATE OF SERVICE

The foregoing *Plaintiff's Motion to Remand* has been sent via regular US Mail this 3 day of June, 2008, to:

Macala, Gore & Piatt, LLC
Ronald G. Macala
Timothy R. Piatt
Timothy P. Piatt
4150 Belden Village St., NW Suite 602
Canton, Ohio 44718
Attorneys for Defendants

Natalie F. Grubb (0062596)
*Attorney for Plaintiff*
*Rob Hahn*

2

## MEMORANDUM IN SUPPORT

### I.     FACTS

On or about April 21, 2008, Plaintiff Robert L. Hahn ("Hahn") filed a Complaint with the Court of Common Pleas, Summit County, Ohio against Defendants Daniel J. Rauch, International Representative of the Operative Plasters' and Cement Masons' International Association ("Rauch"), the Operative Plasters' and Cement Masons' International Association Local Union 109 ("Local 109), the Operative Plasterers' and Cement Masons Local Union 109 Apprenticeship Fund ("Apprenticeship Fund"), and the Operative Plasterers' and Cement Masons' International Association ("International Association").    Plaintiff Hahn filed this action under Count I for slander; under Count II for libel; and, under Count III for tortious interference with a business relationship.   Summons were issued to all Defendants on or about April 23, 2008, and on or about May 14, 2008, Defendants filed their Notice of Removal to federal court in this matter.

The Plaintiff now files his Motion to Remand as Plaintiff's claims are not governed by 28 U. S. C. § 185.  There exists no Collective Bargaining Agreement between the Union and its own staff employees, therefore, this action cannot be based on said statute.  Moreover, the statements that Plaintiff challenges are not central to the rights and procedures provided under the collective bargaining agreement.  Additionally, any removal action must be construed against the Defendants, and, thus, Plaintiff respectfully requests that this Court remand this case back to the state court for a trial on the merits.

3

## II.    LAW AND ARGUMENT

**A.  An Action May Not Be Removed From A State Court To A Federal Court Based On 28 U. S. C. Section 185 Unless It Alleges Violations That Are Central To The Rights And Procedures Provided Under The Defendants' Constitution and By-Laws.**

Removal of an action from a state court to a federal court based on 28 U. S. C. § 185 must allege a violation(s) that is central to the rights and procedures provided under a collective bargaining agreement.[1] In *Green*, between the employer, company and the union, a United States District Court examined a defamation case where employees of a food service corporation reported that Green took a sandwich from the company cafeteria without paying for it.  Green was subsequently suspended and filed a grievance pursuant to a collective bargaining agreement.  The employer company did not pursue the grievance and reinstated Green with back pay, overtime, and a letter of apology.  Thereafter, Green filed an action against his employer based on defamation.  The *Green* court held the following pursuant to 29 U. S. C. § 185:

> "Turning to plaintiff's claim, there is no dispute that the alleged defaming statements are those concerning the purported theft of a sandwich. Plaintiff has not controverted defendants' showing that these statements were uttered and published within the context of the incident's initial report and subsequent investigation. Nor has plaintiff controverted defendants' showing that the discipline of a **unit employee** is governed by the controlling collective bargaining agreement. That agreement contains provisions for discipline for just cause, and for grievance/arbitration of disputes arising out of the collective bargaining relationship. Accordingly, the statements plaintiff challenges are central rather than tangential to rights and procedures provided under the collective bargaining agreement. They intertwine not only with management's right to discipline for cause, but also **with labor and management's**

---

1 *Green v. Hughes Aircraft Company* 630 F. Supp. 423, 426, 1985 U. S. Dist LEXIS 17633, 8.

4

**right to resolve disputes openly in accordance with their private agreement.** As such, countenance of the instant tort claim would impinge upon the primary federal labor policy favoring the expeditious resolution of labor disputes by private grievance/arbitration. (emphasis added)

Removal of this action was proper, and plaintiff's claim must be recharacterized as one pursuant to § 301 of the LMRA (29 U.S.C. § 185)."[2]

Therefore, as stated in *Green,* this action may only be characterized pursuant to 29 U. S. C. § 185 if the Defendants' violations intertwine with management's right to discipline for cause, and also with labor and management's right to resolve disputes openly in accordance with their agreement. However, in stark contrast to *Green,* the Plaintiff has not alleged any violation of right or privilege associated with the Defendants' CBA, and has not contested management's right to discipline as the employer in this case is the union itself and it has no collective bargaining agreement between its staff employees and the union.

Plaintiff's Complaint asserts causes of action for slander, libel, and tortious interference with a business relationship based on untruthful statements made in a letter drafted by Defendant Rauch and sent to Patrick Finley on or about May 22, 2007. Those statements were republished by Defendant Local 109 in a letter dated May 23, 2007, and then orally repeated as evidence at a hearing on January 21, 2008. These causes of action have no bearing on the CBA of the Defendants.

Moreover, again in contrast, In *Kindness,* a federal district court found that a defamation case was properly removed to federal court based on 29 U. S. C. § 185 because the complaint challenged the arbitration decision, the actions taken with regard to his employment, and the prayer for damages sought back pay for wages lost.[3] Additionally, the plaintiff's deposition clearly elucidated that the

---

2 *Id* at 426-427. See also, *Kindness v. Spang* 716 F. Supp. 1535, 1987 U.S. Dist. LEXIS 14934.
3 *Kindness* at 1537

5

complained of statements took place during the course of a **management-union grievance proceeding.**[4]

In the instant case, the Plaintiff has not challenged an arbitration decision, or actions taken with a signatory cement company to the CBA.  Further, the statements were not made at a **management-union grievance proceeding,** but rather in the union's own letter and subsequent investigation.  Consequently, this case is not properly brought in federal court, and should be remanded to state court.

**B.  In a Removal Action, Any Ambiguities Must Be Strictly Construed Against Removal to Federal Court, and, Thus, This Matter Should Be Remanded to State Court.**

Removal is a statutory right that should be construed in favor of state court jurisdiction. Holder v. City of Atlanta, 925 F. Supp. 783 (N.D. Georgia, 1996); *see also* Glover v. W.R. Grace & Co., Inc., 773 F. Supp. 964 (E.D. Texas, 1991).  If there are any ambiguities concerning the removal of an action to federal court they should be construed against removal.  Navarro v. Subaru of America Operations Corp., 802 F. Supp. 191, 193 (N.D. Illinois, 1992).  "The district court must jealously guard its jurisdiction against abuse by parties who may not comprehend the constitutional importance of federal jurisdiction." Id. at 194.  Deference should be given to the Plaintiff's choice of state forum in removal actions when jurisdictional questions arise.  Hess v. Great Atlantic & Pac. Tea Co., Inc., 520 F. Supp. 373 (N.D. Illinois, 1981).   Any doubts as to basis of jurisdiction should be resolved in favor of remand.  McCurtain County Production Corp. v. Cowett, 482 F. Supp. 809, (E.D. Ok, 1978).

---

4 *Id*

6

Finally, an employee's motion to remand her sex discrimination action to state court was granted because it was state, not federal, law that created her cause of action for wrongful discharge in violation of public policy, she had not attempted to avoid federal jurisdiction by failing to plead necessary federal questions in her complaint, and state public policy claim did not turn on construction of substantial, disputed federal question. <u>Strong v. Print U.S.A., Ltd.</u>, 230 F.Supp.2d 798 (2002, N.D. Ohio).

In the present action, Hahn filed his action against the Defendants under Count I for Slander, Count II for Libel, and Count III, for tortious interference with a business relationship, that of a staff member of the union itself.   Thus, Plaintiff has not alleged a violation of federal law and  has not attempted to avoid federal jurisdiction by failing to plead a necessary federal question in his Complaint. Moreover, Hahn's claims do not turn on construction of a substantial, disputed federal question.

Furthermore, federal courts have almost overwhelmingly found that deference is to be given to a state forum if any ambiguities arise, therefore, Plaintiff respectfully requests that this Court remand this case to the state court.

### III.  <u>CONCLUSION</u>

Wherefore, Plaintiff Hahn respectfully requests that this Court remand this case to state court for a trial on the merits of his case.

7

Respectfully submitted,

**GRUBB AND ASSOCIATES, LPA**

Natalie F. Grubb (0062596)
John S. Lobur (0074410)
Chad A. Fine (0080303)
Grubb and Associates, LPA
437 W. Lafayette Road, Suite 260-A
Medina, Ohio 44256
Ph: (330) 725-7252/Fax: (330) 723-1095
E-mail: officemgr@silsinc.com
*Attorney for Plaintiff Robert L. Hahn*

8